Stuart G. Gross (SBN 251019)
Jan W. Jorritsma (SBN 326772)
**GROSS KLEIN PC**
The Embarcadero
Pier 9, Suite 100
San Francisco, CA 94111
(415) 671-4628

Joseph R. Saveri (SBN 130064)
Cadio Zirpoli (SBN 179108)
David H. Seidel (SBN 307135)
Regina Wang (SBN 326262)
**SAVERI LAW FIRM, LLP**
550 California Street, Suite 910
San Francisco, California 94104
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email: jsaveri@saverilawfirm.com

*Attorneys for Plaintiffs and the Proposed Classes*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **SAN FRANCISCO HERRING ASSOCIATION; and DAN CLARKE,**<br><br>Plaintiffs,<br>v.<br><br>**PACIFIC GAS AND ELECTRIC COMPANY;**<br>**and PG&E CORPORATION,**<br><br>Defendants. | Case No. 3:14-cv-04393-WHO<br><br>**ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED UNDER L.R. 3-12** |
| **YesAnd Foundation; NEIGHBORHOODS UNITED SF; STEPHEN BAYNE; AMANDA CLUSE; BRANDON DENO;** and **JOSEPH GABANY,**<br><br>Plaintiffs,<br>v.<br><br>**CITY AND COUNTY OF SAN FRANCISCO**, a municipal corporation; | Case No. 3:26-cv-10316-KAW |

**SARAH DENNIS PHILLIPS**, in her official capacity, **DANIEL TSAI**, in his official capacity, **PACIFIC GAS & ELECTRIC COMPANY**, a California Corporation**, PG&E CORPORATION,** a California Corporation, and **DOES 1-10,**

Defendants.

TO THIS HONORABLE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Plaintiffs YesAnd Foundation ("YesAnd"), Neighborhoods United SF ("NUSF"), Stephen Bayne, Amanda Cluse, Brandon Deno, and Joseph Gabany (collectively, the "*YesAnd* plaintiffs") hereby submit this Administrative Motion to Consider Whether Cases Should Be Related under Local Rule 3-12(b).

**A. <u>Related Case Factors</u>**

**1. <u>Overlapping Parties and Claims</u>**

**a. <u>Parties</u>**

The actions share parties, specifically Pacific Gas and Electric Company and PG&E Corporation (collectively, "PG&E") as defendants. The case *San Francisco Herring Association, et al. v. Pacific Gas & Electric,* 3:14-cv-04393-WHO ("*SFHA*") is a civil action against PG&E. The case *YesAnd Foundation, et al. v. City and County of San Francisco, et al.*, 3:26-cv-10316-KAW ("*YesAnd*") is also a civil action brought against, *inter alia*, PG&E.

**b. <u>Claims</u>**

The respective plaintiffs' claims in *SFHA* and *YesAnd* are highly similar. Both cases address environmental contamination for which PG&E is responsible in the Marina neighborhood of San Francisco that resulted from PG&E's historical operation of facilities there, including, in both cases, the North Beach manufactured gas plant ("MGP"), which was formerly located in the southeast corner of what is now the Marina neighborhood. The claims in *SFHA* concerned, *inter alia*, contamination in the Marina neighborhood, generally, and areas offshore. The claims in *YesAnd* concern contamination on a particular portion of the Marina neighborhood, the current location of the Marina Safeway and site of a large, planned development (the "Marina Safeway Site").

The most recent complaint filed in *SFHA* alleged, *inter alia*, that PG&E violated the Resource Conservation and Recovery Act ("RCRA") with regard to contamination in the Marina Neighborhood from the North Beach MGP, Dkt. 212 ("*SFHA* SAC"), and previous complaints in

*SFHA* also brought, *inter alia*, public nuisance and negligence claims against PG&E with regard to the same contamination, Dkt. 51 ("*SFHA* FAC").

The *YesAnd* plaintiffs, in their current complaint, bring public nuisance and negligence claims against PG&E concerning contamination on the Marina Safeway Site resulting from both the North Beach MGP and a former steam electric plant that PG&E operated on the site. Case No. 3:26-cv-10316-KAW, Dkt. 1 ("*YesAnd* Complaint"). Moreover, on the same day that they filed their complaint, the *YesAnd* plaintiffs also served a notice of intent to sue PG&E under RCRA for the same contamination and intend to add an RCRA claim upon expiration of the notice period. *See* Exhibit A.

Both cases' claims are fundamentally similar because they concern PG&E's responsibility and liability for contamination in the Marina neighborhood from, *inter alia*, a common source, the North Beach MGP, including under RCRA, as well as public nuisance and negligence theories.

As a result, there are many shared questions of fact and law between the cases. These include the nature and extent of the contamination caused by the North Beach MGP and PG&E's liability therefor.

**2. <u>Same Transaction or Event</u>**

Both *SFHA* and *YesAnd* pertain, in part, to the same events: PG&E's operation and demolition of the North Beach MGP, which occurred during the period from the mid-19th century to the mid-20th century. Both *SFHA* and *YesAnd* allege that PG&E's former operation and demolition of the North Beach MGP resulted in the production of highly toxic chemical substances, including, without limitation, polyaromatic hydrocarbons ("PAH"), lead, arsenic, cyanide, and hydrogen sulfide, which, in turn, resulted in contamination of portions of the Marina Neighborhood, including the Marina Safeway Site. *Compare SFHA* SAC ¶¶ 37-56, 63-83 *with YesAnd* Complaint ¶¶ 85-87 (inclusive of referenced exhibits).

**3. Relating the Cases Avoids Duplication of Labor**

Relating *YesAnd* to *SFHA* will provide significant efficiency benefits and prevent a situation in which two judges are called on to familiarize themselves with numerous complicated technical issues shared between the cases, as well as legal issues shared between the cases.

In *SFHA,* this Court has presided over years of litigation during which various factual and legal issues concerning the nature and extent of the contamination resulting from the North Beach MGP, as well as PG&E's liability therefor, were adjudicated at the pleading stage, *see* Dkt. 13 (*SFHA v. PG&E,* 81 F. Supp. 3d 847 (N.D. Cal. 2015)) & Dkt. 214 (*SFHA v. PG&E*, 2020 WL 6736930 (N.D. Cal. June 15, 2020)), and at summary judgment, *see* Dkt. 208 (*SFHA v. PG&E*, 2019 WL 11073502 (N.D. Cal. July 26, 2019)). The Court further evaluated and entered two separate consent decrees in the case, which were based on the results of a multiyear, court-supervised joint investigation by the plaintiffs and PG&E of the contamination. *See* Dkt. 175 & Dkt. 260. This Court also continues to have jurisdiction under the first consent decree, the initial term of which will not expire for another two years. *See* Dkt. 175 § 11.7.

In the course of those proceedings, the Court gained significant familiarity with and expertise in issues that go to the heart of the *YesAnd* case, including the nature and extent of contamination from the North Beach MGP in the Marina neighborhood, including the Marina Safeway Site, and PG&E's liability therefor. It would be highly inefficient for a different judge to now undertake the significant work that would be required to attain a similar level of familiarity and expertise, especially given the highly technical nature of many of the shared issues and the relatively obscure quality of MGPs, their operation, and resulting contamination, given the time period in which they operated.

**4. Relating the Cases Would Reduce the Possibility of Conflicting Orders and Judgments**

Assigning *YesAnd* to this Court and relating the cases also would reduce the chance of conflicting orders and judgments. In *SFHA*, the Court has entered various orders that bear upon PG&E's liability for contamination in the Marina neighborhood resulting from the North Beach MGP, as referenced above, and it has further entered two consent decrees requiring certain

actions by PG&E in areas offshore and on the shoreline of the Marina neighborhood, *see* Dkt. 175, as well as in the rights-of-way of the neighborhood, including in areas to the immediate northwest of the Marina Safeway Site, *see* Dkt. 260 §§ 3.1-3.4 & 4.1-4.2.1.7. Assigning *YesAnd* to this Court will ensure that no orders or judgments entered in *YesAnd* that concern matters overlapping with matters in the instant action will conflict with orders or judgments entered in the instant case.

**B. <u>Assignment to A Single Judge</u>**

The two actions are related within the meaning of Civil L.R. 3-12 given the overlap in parties, claims, and events; relating the cases will lead to substantial judicial efficiency and prevent the possibility of conflicting orders or judgments. The *YesAnd* plaintiffs respectfully request that the Court relate the two actions.

Dated: September 17, 2026

By: */s/ Stuart G. Gross*

Stuart G. Gross (SBN 251019)
Jan W. Jorritsma (SBN 326772)
**GROSS KLEIN PC**
The Embarcadero
Pier 9, Suite 100
San Francisco, CA 94111
(415) 671-4628
*sgross@grosskleinlaw.com*
*tsmith@grosskleinlaw.com*
*jjorritsma@grosskleinlaw.com*

*Counsel for Plaintiffs*

Dated: September 17, 2026

By: */s/ Joseph R. Saveri*

Joseph R. Saveri (SBN 130064)
Cadio Zirpoli (SBN 179108)
David H. Seidel (SBN 307135)
Regina R. Wang (SBN 326262)

**SAVERI LAW FIRM, LLP**
550 California Street, Suite 910
San Francisco, California 94104
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email: jsaveri@saverilawfirm.com
Email : czirpoli@saverilawfirm.com
Email: dseidel@saverilawfirm.com
Email: rwang@saverilawfirm.com

*Co-Counsel for Plaintiffs*